**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANNE ALEXANDER, ) | 3:06-CV-00444-ECR-RAM |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendant's Motion to Dismiss pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure.

**I. BACKGROUND**

Plaintiff Anne Alexander commenced this action on August 9, 2006 by filing a motion for leave to proceed in forma pauperis. (Doc. #1). The order granting this status (Doc. #8) directed Plaintiff to provide certain forms to the U.S. Marshals Service within 120 days to serve Defendant. The court granted Plaintiff's request for additional time, extending the deadline to serve to March 23, 2007. (Doc. #11). On February 13, 2007, Plaintiff filed the summons with a return of service (Doc. #14) showing a mailing to the Commissioner's offices in Baltimore, Maryland but to no other parties. On December 6, 2007, the court gave Plaintiff notice of its intent to dismiss the action for want of prosecution. (Doc. #16).

Plaintiff indicated that she was "waiting for a response from their [sic] agency concerning this matter." (Doc. #18). On January 9, 2008, this court entered an order directing Plaintiff demonstrate proper service within thirty days or the complaint would be dismissed. (Doc. #19). On February 5, 2008, Plaintiff filed a proof of mailing of various materials to this court and to the U.S. Marshals Service. (Doc. #20). On April 22, 2008, Defendant, represented by the United States Attorney, filed a motion to dismiss for failure of service of process. (Doc. #22). The court sent Plaintiff a Minute Order dated April 23, 2008 requesting a response to Defendant's motion to dismiss within fifteen days. (Doc. #23). This preceded a second Minute Order from this court providing Plaintiff an additional twenty days to respond. (Doc. #24). The record contains no filings by Plaintiff after February 5, 2008.

## II. DISCUSSION

A plaintiff is responsible for serving the defendant with both a summons and complaint within the time permitted under Rule 4(m). Fed.R.Civ.P. 4(c)(1). When a plaintiff names a federal official as a defendant, service comprises three steps: (1) either (a) delivering copies of the summons and complaint to the United States Attorney for the district in which the action was brought, or to a designee, or (b) mailing copies of the summons and complaint by registered or certified mail addressed to the civil process clerk of the office of the United States Attorney; (2) mailing copies of the summons and complaint to the United States Attorney General; and (3) mailing copies of the summons and complaint to the relevant agency or office. *See* Fed.R.Civ.P. 4(i). If a plaintiff fails to properly serve the defendant with a summons and complaint within 120 days of filing, then "the Court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice ... or order that service be made within a specified time." Fed.R.Civ.P. 4(m).

Plaintiff did not properly serve the Defendant in this case. Because she satisfied only one requirement of the three-part standard, Plaintiff's service on the Commissioner alone was insufficient to serve process on a federal official under Rule 4(i). Plaintiff had ample opportunity to correct this error. As a result of the extensions granted by this court, Plaintiff

had a full year to properly serve the complaint *beyond* the expiration of the original Rule 4(m) 120-day period.

Under the Local Rules, a party's failure to file a memorandum in opposition to a motion constitutes consent to granting the motion. *See* D.Nev.Local R. 9014(d)(3). Plaintiff was sent a copy of Defendant's motion to dismiss explaining the requirements for proper service of process (Doc. #22), and a notice from this court indicating that an opposition to the motion to dismiss was due within fifteen days. (Doc. #23). The court extended Plaintiff's opportunity to respond by an additional twenty days. (Doc. #24). The record reveals no response by Plaintiff to either notice. The court therefore presumes that Defendant abandoned her claim and consents to dismissal of this action.

The court acknowledges that the technical requirements for service of process are somewhat relaxed when the plaintiff proceeds in forma pauperis. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). In such cases, the U.S. Marshal, upon order of the court, is authorized to serve the summons and the complaint so the plaintiff does not have to. *See* 28 U.S.C. § 1915(d) (1996). The plaintiff must, however, furnish the Marshal with the information necessary to identify the defendant. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (citing *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). The record provides no showing that Plaintiff furnished the addresses of the U.S. Attorney General or the U.S. Attorney for this district to the U.S. Marshal or the court clerk. Neither has Plaintiff responded to Defendant's motion to dismiss by arguing that she substantially complied with Rule 4. Although a pro se complaint is held to less stringent standards than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519 (1972), Plaintiff's attempts to pursue her claims against the government have been wholly inadequate. Accordingly, the district court should grant Plaintiff's motion to dismiss.

/ / /

/ / /

/ / /

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion To Dismiss (Doc. #22) be **GRANTED**.

DATED: September 4, 2008.

UNITED STATES MAGISTRATE JUDGE